IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JULIETTE PASION, | ) | CIVIL NO. CV 04 00398 SOM LEK |
| | ) | (Civil Rights Violation) |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM IN SUPPORT OF** |
| vs. | ) | **MOTION** |
| | ) | |
| ASSOCIATION OF APARTMENT | ) | |
| OWNERS OF PRINCE KUHIO and JOHN | ) | |
| or JANE DOES/DOE ENTITIES, | ) | |
| | ) | |
| Defendants. | ) | |
| ————————————————————— | ) | |

## MEMORANDUM IN SUPPORT OF MOTION

Defendant ASSOCIATION OF APARTMENT OWNERS OF PRINCE KUHIO (the

"PRINCE KUHIO" or "Defendant") seeks summary judgment because, as a matter of law, the

PRINCE KUHIO condominium project is not a "place of public accommodation." Plaintiff

JULIETTE PASION's ("Plaintiff") ADA claims do not apply to a private condominium housing

development.

## I.    INTRODUCTION

The PRINCE KUHIO condominium project consists of 72 residential units located on the

quiet island of Kauai near Poipu Beach. Each of the 72 condominiums is separately held in fee

simple ownership, and the PRINCE KUHIO exists solely to maintain common areas and administer

the project as mandated by the recorded declaration.

Plaintiff incorrectly alleged PRINCE KUHIO is a place of "public accommodation" which

must meet applicable Americans With Disabilities Act ("ADA") requirements. Undisputed facts,

1

however, demonstrate that PRINCE KUHIO does not own, lease or operate any type of business. The PRINCE KUHIO has absolutely no involvement in the rental of individual condominium units. None of the PRINCE KUHIO's common elements are open or available to the public; in fact, such areas are restricted for the sole use of owners and their guests. The PRINCE KUHIO does not maintain <u>any</u> type of office on the premises, public or otherwise. There is no on-site "rental counter" and no services or amenities that can be purchased by the public. As a matter of law, Defendant is not operating a place of "public accommodation" subject to ADA restrictions.

## II.    <u>BACKGROUND</u>

The PRINCE KUHIO project contains 72 separate residential condominium units each of which is separately held in fee simple ownership. Osowski Dec. ¶ 3.[1] Each independent owner exercises full control over their respective condominium(s), subject only to the recorded declarations which require residential usage. <u>Id</u>. ¶ 5. Several condominiums are owner-occupied. <u>Id</u>. ¶ 6. Others are rented under long term lease arrangements for varying periods of time. <u>Id</u>. Finally, some owners rent out their unit(s) on a short term basis. <u>Id</u>. PRINCE KUHIO does not condone nor prohibit rental, although the declaration does prohibit time share ownership. <u>Id</u>. ¶¶ 5-6.

PRINCE KUHIO exists for the sole purpose of maintaining and managing common elements within the condominium project in accordance with the recorded bylaws and applicable law. <u>Id</u>. ¶ 2. PRINCE KUHIO neither owns nor leases <u>any</u> real estate. <u>Id</u>. PRINCE KUHIO has never advertised, solicited, nor offered accommodations to the public. <u>Id</u>. ¶ 8. The association does

---

[1] Throughout this Memorandum, "Osowski Dec." shall refer to the Declaration of Leon Osowski dated January 10, 2006, attached to the Statement of Facts which is being filed concurrently herewith. Documentary evidence is referred to throughout this Memorandum by the title of the document and corresponding exhibit reference from the Statement of Facts.

2

not own, lease, or operate any type business.  Id. ¶ 2.  The PRINCE KUHIO has absolutely no

involvement in the rental of individual condominium units.  Id. ¶ 5.  None of the PRINCE

KUHIO's common elements are open and available to the public, same being restricted under the

bylaws for the sole use of owners and their guests.  Id. ¶¶ 4, 8-10.  There is no on-site "rental

counter" operated by the PRINCE KUHIO (or anyone else), and the general public cannot purchase

access to the swimming pool or other amenities from the PRINCE KUHIO.  Id.  The PRINCE

KUHIO does not maintain any type of office on the premises, public or otherwise.  Id.

Any owner wishing to rent their unit is solely responsible for setting the terms and

conditions, delivering keys, advertising and ensuring their tenants occupy the unit entirely in

accordance with the residential bylaws and county zoning ordnances (the property is zoned R-20,

Residential).  Id. ¶ 5. The PRINCE KUHIO is aware that short term rentals may exist, although it

has no involvement in the process and it compiles no statistics showing the percentage of short term

rentals compared to units which are owner occupied or rented for long terms.  Id. ¶ 6.

The above facts cannot reasonably be disputed.  Plaintiff simply contends the collective group

of owners should be treated as a "hotel" because some owners rent out their condominiums on a short

term basis.  The PRINCE KUHIO (including many owner-occupants who do not rent their units)

would then be required to fund modifications to common elements (and presumably individual unit

interiors) as places of "public accommodation" under the ADA.  Applicable statutes, case law, and

guidance provided by the Department of Justice, however, dictate otherwise.

III.    **APPLICABLE LAW**

A.    **Summary Judgment Standard.**

Federal Rule of Civil Procedure 56(c) requires that summary judgment "shall be rendered

forthwith if the [admissible evidence provided] show[s] that there is no genuine issue as to any

3

material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P.

56 (c).

When defending a claim, the Ninth Circuit Court of Appeals has stated: "[T]he plain language

of Rule 56(c) mandates the entry of summary judgment ... against a party who fails to make a

showing sufficient to establish the existence of an element essential to that party's case, and on which

that party will bear the burden of proof at trial." Rene v. MGM Grand Hotel, 243 F.3d 1206, 1210 (9[th]

Cir. 2001) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

If, as in this case, the defendant is the moving party, it satisfies its burden by demonstrating

"that there is an absence of evidence to support the non-moving party's case." Celotex v. Catrett,

477 U.S. 317, 325 (1986).  Once the moving party makes such a showing, the burden shifts to the

non-moving party to go beyond the pleadings and "designate specific facts showing that there is a

genuine issue for trial." Id. at 324.  The non-moving party must do more than "simply show that

there is some metaphysical doubt as to material facts[.]"  Matsushita Elec. Indus. Co. v. Zenith

Radio Corp., 475 U.S. 574, 586-87 (1986).  "Where the record taken as a whole could not lead a

rational trier of fact to find for the non-moving party, there is no 'genuine issues for trial'" and

summary judgment is proper.  Id.

### B.  The ADA Only Applies to Places of "Public Accommodation."

Plaintiff's federal claims have been pled under Title III of the ADA, which provides:

> No individual shall be discriminated against on the basis of a
> disability in the full and equal enjoyment of the goods, services,
> facilities, privileges, advantages, or accommodations of any place of
> public accommodation by any person who owns, leases (or leases to)
> or operates a place of public accommodation."

42 U.S.C. § 12182(a) (emphasis added).

4

The term "public accommodation" for purposes of this case includes "an inn, hotel, motel, or other place of lodging, except for an establishment located within a building that contains not more than five rooms for rent or hire and that is actually occupied by the proprietor of such establishment as the residence of such proprietor."  42 U.S.C. § 12181(7)(A). "Whether a particular facility is a "public accommodation" under the ADA is a question of law."  <u>Jankey v. Twentieth Century Fox Film Corporation</u>, 14 F. Supp.2d 1174 (C.D. Cal. 1998) (citations omitted).

### B.    H.R.S.§ 347-13 Similarly Applies To Places Of "Public Accommodation."

Plaintiff's corresponding state law claims similarly apply to places of "public accommodation," with the principal difference being the possibility of treble damages under H.R.S. § 347-13.5 if a violation is proven. The applicable state statute provides:

> The blind, visually handicapped, and otherwise physically disabled are entitled to full and equal accommodations, advantages, facilities, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motor buses, street cars, boats, or any other public conveyances or modes of transportation, hotels, lodging places, <u>places of public accommodation</u>, amusement, or resort, and <u>other places to which the general public is invited</u>, subject only to the conditions and limitations established by law and applicable alike to all persons.

H.R.S.§ 347-13 (emphasis added).

## IV.    <u>ARGUMENT</u>

### A.    Plaintiff's Claims Fail As A Matter Of Law Because Prince Kuhio Is Not A Place of "Public Accommodation."

The PRINCE KUHIO complex is not open to the public and is not subject to ADA requirements. The seventy-two units within the project are individually owned and privately operated.  As residential dwelling units, the Fair Housing Amendments Act, rather than ADA, governs the project.

5

Courts considering the issue have overwhelmingly held that "apartments and condominiums do not constitute public accommodations within the meaning of the [ADA]." Indep. Housing Svcs. v. Fillmore Cntr., 840 F.Supp. 1328, 1344 (N.D. Cal. 1993); see also Fisher v. Royal Crest Country Club, 2000 WL 1473372 at *3 (Mass.Super.) (summary judgment granted because "The ADA . . . does not apply to privately owned residential structures not leased to the government.").

Comments made by the Illinois District Court when dismissing similar ADA claims brought against a condominium association are insightful. That court stated:

> Finally, Plaintiff's claim under the Americans with Disabilities Act must be dismissed. The ADA prohibits discrimination against disabled persons by persons who own or operate places of public accommodation. See 42 U.S.C. § 12182(a). A place of public accommodation includes an inn, hotel, motel, or "other place of lodging." Id. § 12181(7)(A).
>
> "[O]ther place of lodging" is not defined in the statute, but the legislative history of the ADA clarifies that "other place of lodging" does not include any residential facility. See H.R. Rep. No. 101-485(II), at 100 (1990). That being said, apartments and condominiums are not places of public accommodation. See Hanks v. Tilley, No. 1:98CV00789, 1999 WL 1068484, at *2 (M.D.N.C. Feb.2, 1999); Indep. Hous. Servs. v. Fillmore Ctr. Assocs., 840 F.Supp. 1328, 1344 & n. 14 (N.D.Cal.1993). And the cooperative apartment in issue, just like the residences in Hanks and Fillmore, is not a place of public accommodation. Consequently, Plaintiff has no claim under the ADA.

Radivojevic v. Granville Terrace Mutual Ownership Trust, 2001 WL 123796 at *3 (N.D.Ill.).

The House Report cited by Radivojevic states:

> Only nonresidential facilities are covered by this title. For example, in a large hotel that has a residential apartment wing, the residential wing would be covered under the Fair Housing Act, rather than by this title. The nonresidential accommodations in the rest of the hotel would be covered by this title.

H.R. Rep. No. 101-485(II), at 100.

6

The ADA Title III Technical Assistance Manual published by Department of Justice is instructive as to applicability of the Act. See Americans With Disabilities Act, ADA Title III Technical Assistance Manual, Covering Public Accomodations and Commercial Facilities (Dept. of Justice) (hereinafter "DOJ TAM"). This manual lists twelve (12) categories of "public accommodation." In the questions and answers which follow, the manual states that a facility cannot be considered a place of public accommodation if it does not fall within these twelve (12) categories because the categories present "an exhaustive list." Id. at 7. The manual also lists illustrations clarifying that ADA should not apply to a residential condominium complex. For example, a residential condominium association with "a long standing policy of restricting use of its party room to owners, residents, and their guests," is not required to meet ADA requirements with respect to the party room, provided it refuses to rent the room to local businesses or community organizations as a meeting place for educational seminars. Id. at 8. Conversely, a residential apartment complex that sells swimming pool "memberships" to the general public must meet ADA requirements with respect to the pool. Id. Similarly, a rental office within an apartment complex is a place of public accommodation. Id. PRINCE KUHIO, like the party room condominium example, has a "long standing policy of restricting use of [any and all common areas] to owners, residents, and their guests." No pool memberships or anything else is for sale to the general public, and PRINCE KUHIO operates no "rental office." PRINCE KUHIO is not a place of "public accommodation."

According to the Technical Assistance Manual, even a vacation timeshare property is not necessarily a place of "public accommodation." In the situation of a timeshare, the Department of Justice states that four (4) factors must be considered:

(1)     Whether the timeshare offers short-term ownership interests
(stays of one week or less are considered short term);

(2)     The nature of the ownership interest conveyed (e.g., fee
simple);

(3)     The degree of restrictions placed on the ownership (e.g.,
whether the timeshare owner has the right to occupy, alter,
exercise control over a particular unit over a period of time);
and

(4)     The extent to which the operations resemble those of a hotel,
motel, or inn (e.g., reservations, central registration, meals,
laundry service).

Id. at 9.

The references to timeshares are instructive and offer an interesting comparison with respect to PRINCE KUHIO.  While owners within PRINCE KUHIO may rent their units on a short-term basis, each individual owner has absolute fee simple ownership rights to a particular unit.  Nobody owns intangible "shares" or "credits" assigned to a "pool" of units.  Each individual owner enjoys rights associated with their unit which include the ability to occupy, alter, and exercise absolute control over and within the specified condominium.  Furthermore, PRINCE KUHIO does not have a reservation desk or any form of central registration.  There is no provision for meals, laundry service, or any other services typically associated with a hotel/motel operation. If timeshares are not necessarily subject to ADA, the PRINCE KUHIO project certainly cannot be a place of "public accommodation."

V.     **CONCLUSION**

As a matter of law, PRINCE KUHIO's privately owned residential condominiums are governed by the Fair Housing Amendments Act, rather than ADA.  Because Title III of the ADA only applies to places of "public accommodation," PRINCE KUHIO is entitled to summary judgment.

8

Based on the foregoing reasons, PRINCE KUHIO hereby respectfully request that the Court grant its motion for summary judgment holding that the PRINCE KUHIO is not a "place of public accommodation" and that Plaintiff's ADA claims do not apply to a private condominium project.

DATED:  Honolulu, Hawaii, January 13, 2006.

_____
PHILIP R. BROWN
Attorney for Defendant
ASSOCIATION OF APARTMENT
OWNERS OF PRINCE KUHIO

9